UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Doran Main LLC,                                              Civil No. 13-1721 (MJD/FLN)

                              Plaintiff,

        v.                                                   **REPORT AND**
                                                             **RECOMMENDATION**

North Central States Regional Council of
Carpenters, the Carpentry Contractors Assoc.,
and the Joint Trade Board,

                              Defendants.
_____

David Goldstein and Anthony de Sam Lazaro for Plaintiff.
David L. Hashmall for Defendant Carpentry Contractors Association.
Matthew Robbins for the Joint Trade Board.
_____

        **THIS MATTER** came before the undersigned United States Magistrate Judge on October

25, 2013 on the Joint Trade Board ("Trade Board") and Carpentry Contractors Association's

("Association") motions to dismiss (ECF Nos. 11 and 16).[1] The matter was referred to the

undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72.

For the reasons set forth below, the Court recommends that both motions be **GRANTED**.

## I.    FACTS

        This matter arises out of a labor dispute between Plaintiff Doran Main and Defendant North

Central States Regional Council of Carpenters ("the Union"). Doran Main's "sole purpose" is to

"acquire, own, hold, maintain, operate, develop, manage and dispose of" Main & Mill, a luxury

_____

[1]      The Association and Trade Board's motions to dismiss were filed in lieu of an
answer. The Union filed an answer in this case, including a counterclaim. ECF
No. 6. Doran Main has replied to the counterclaim. ECF No. 25.

apartment complex in Minneapolis, Minnesota. ECF No. 1 ¶ 6. Plaintiff Doran Construction, Inc. (DCI) formerly operated as a general contractor active in commercial construction *Id.* ¶ 7. DCI ceased operations in 2010 and was not involved in the Main & Mill project. *Id.* ¶ 7 and 20. The Union contends that Doran Main is subject to a collective bargaining agreement previously signed by DCI. *Id.* 11-13 and 21. In October 2012, the Union filed a grievance against "Doran Construction" alleging that it violated the Collective bargaining agreement when it hired Regal Contractors—a non-signatory to the Collective bargaining agreement—to complete drywall work at Mill & Main.[2] Doran Main objected to the grievance on the basis that it is neither a signatory to the Collective bargaining agreement nor bound by DCI's signature. *Id.* ¶ 43. Nevertheless, the Union pursued its grievance. *Id.* ¶ 44.

Pursuant to Article 7 of the collective bargaining agreement, disputes shall be resolved by the Trade Board, a joint labor-management committee. *Id.* ¶ 10. The Joint Trade Board is an entity that exists under Article 7 only. *Id.* ¶ 10. The Trade Board is made up of six members, three of whom are appointed by the Union. *Id.* The other three Joint Trade Board members are appointed by the Carpentry Contractors Association. *Id.* The Association is a non-profit that represents the interests of employers in the construction industry. *Id.* ¶ 9. Here, the Association selected three persons to serve on the Trade Board and also performed the arbitral function of scheduling and providing notice of the Trade Board Hearing. ECF No. 18 at 3.

On January 11, 2013, Doran Main received notice that the Trade Board Hearing would occur

---

[2]
In April 2012, Doran Main entered into a contract with Doran Construction Management, LLC (DCM). ECF No. 1 ¶ 15-17. DCM gave recommendations to Doran Main about which Trade Contractors it should work with. *Id.* Doran Main is the entity that contracted with subcontractors like Regal.

on January 28, 2013. ECF No. 1 ¶ 44. Doran objected to the hearing on the basis that, because it is

not a party to the collective bargaining agreement, it is not subject to the jurisdiction of the Trade

Board. *Id.* ¶ 45. The Defendants notified Doran of their intent to proceed with the hearing. *Id.* ¶ 47.

After being rescheduled twice, the Trade Board Hearing was held on April 1, 2013. *Id.* ¶ 49. Doran

received a copy of the award issued by the Trade Board on April 8, 2013. *Id.* ¶ 53. The award found,

in part, that (1) Doran Main is the alter ego of DCI, (2) Doran Main is in violation of the collective

bargaining agreement due to its subcontracting with non-signatory contractors and (3) Doran Main's

violation caused Union members to lose wages and benefits. *Id.* ¶ 54.

Three federal law suits arising from these facts have since been filed. Case No. 13-cv-211

(Doran I), Case No. 13-cv-1721( Doran II), and Case No. 13-cv-3087 (Doran III). This report and

recommendation pertains to Doran II only, but the Court will briefly highlight the previous rulings

made in Doran I.

### A.      Doran I, 13-cv-211.

Case No. 13-cv-211 was filed on January 28, 2013. ECF No. 1. The complaint includes three

counts: (1) declaratory judgment specifying that Doran Main is not a party to the collective

bargaining agreement; (2) a stay of the Joint Trade Board hearing and (3) a finding that the Union

violated section 303 of the Labor Management Relations Act by threatening, coercing, and

restraining Doran Main from doing business with non-signatory subcontractors for the purpose of

entering an agreement prohibited by 29 U.S.C. § 158 (e). *Id.* at 11-13. The Union and Association

moved to dismiss all claims.[3] On August 26, 2013, this Court's June 27 Report and

Recommendation was adopted as follows: (1) Counts 1 and 2 were dismissed without prejudice for

---

[3]        The Joint Trade Board was not sued in Doran I.

lack of subject matter jurisdiction; (2) the Association's motion to dismiss was granted in its entirety and the Association was dismissed as a party to the action; (3) the Union's motion was denied to the extent it sought to dismiss count 3, but was otherwise granted. ECF No. 71, citing ECF No. 51. In sum, the only count that remains in Doran I is count 3 against the Union. The Union filed an answer on September 9, 2013 and discovery is scheduled to close on June 1, 2014. ECF Nos. 72 and 73.

### B.    Doran II, 13-cv-1721.

The case presently before the Court was filed on July 2, 2013. ECF No. 1. Doran sued the Union, the Association and the Trade Board seeking (1) to vacate the arbitration award and (2) a declaratory judgment specifying that, among other things, Doran Main is not a party to the collective bargaining agreement. ECF No. 1 at 14-16. The Union answered and counterclaimed. ECF No. 6. The Association and the Board's motions to dismiss are the subject of this report and recommendation. ECF Nos. 11 and 16. During the pendency of this Report and Recommendation, the Union moved to supplement its counterclaim with the written decision of Arbitrator Janice Frankman who, on August 13, 2013, issued a decision on the precise amount of damages that should be provided under the Arbitral Award. ECF No. 38. That motion is under advisement in lieu of a status conference for all three cases (Doran I, II and III), which is scheduled for January 31, 2014. ECF No. 58.[4]

---

[4]     Doran III, Case No. 13-cv-3087, was filed on November 11, 2013. ECF No. 1. Doran articulates seven counts: (1) to vacate the Frankman Award; (2) breach of contract by the Association; (3) breach of fiduciary duties by the Association; (4) breach of the CBA by the Association, in violation of 29 U.S.C. § 185; (5) breach of *fiduciary duties* under the CBA by the Association, in violation of 29 U.S.C. § 185; (6) order to cease illegal payments to the Joint Labor / Management Committee; and (7) violation of § 303 of the Labor Management Relations Act by all Defendants. ECF No. 1 at 23-33. All three Defendants have filed motions to dismiss. The Union's motion to dismiss (ECF Nos. 19) is scheduled to be heard on February 7, 2014; the

## II.   ANALYSIS

### A.   Standards of review

The Association and Trade Board move to dismiss under Rule 12(b)(1) and 12(b)(6). Rule 12(b)(1) governs dismissal for lack of subject matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party seeking to establish jurisdiction has the burden of proving it exists. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010) (internal quotations omitted). When analyzing a facial challenge to the Court's jurisdiction under Rule 12(b)(1), "all of the factual allegations concerning jurisdiction are presumed to be true . . . ." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true. *See Ossman v. Diana Corp.*, 825 F. Supp. 870, 879–80 (D. Minn. 1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. *See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp.*, 513 F.3d 823, 826–27 (8th Cir. 2008).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

---

Association and Trade Board's motions to dismiss (ECF Nos. 28 and 33) are scheduled to be heard on February 28, 2014. ECF Nos. 20 and 34.

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### B.     Subject matter jurisdiction.

Doran Main invokes three statutory bases for the Court's subject matter jurisdiction over the claims alleged against the Association and the Trade Board: (1) section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a); (2) 28 U.S.C. § 1337(a); and (3) the Federal Arbitration Act. ECF No. 1. Defendants argue that the Court lacks subject matter jurisdiction under all three statues. ECF Nos. 13 and 18. Doran's jurisdictional argument in its brief and oral argument focuses only on section 301 of the Labor Management Relations Act.[5] For the reasons discussed below, the Court agrees with Defendants that the Court does not have jurisdiction over Doran's claims against the Association or the Trade Board under section 301 of the Labor Management Relations Act.

### 1. Section 301(a) of the Labor Management Relations Act.

---

[5]

Because Doran has not set forth argument about the Court's jurisdiction under 28 U.S.C. § 1337(a) and the Federal Arbitration Act, the Court declines to consider them. *See, e.g., Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010).

Section 301(a) of the Labor Management Relations Act provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).  This statute has been interpreted by the Supreme Court in *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto., Aerospace, & Agric. Implement Workers of Am.,* 523 U.S. 653 (1998) and by the Eighth Circuit in *Gerhardson v. Gopher News Co.*, 698 F.3d 1052 (8th Cir 2012). As discussed in this Court's Doran I Report and Recommendation, the Court reads *Textron* and *Gerhardson* to stand for the proposition that—in order to invoke § 301(a) of the Labor Management Relations Act as the basis for federal-question jurisdiction—the plaintiff must allege that the defendant violated a collective bargaining agreement. *See* Case No. 13-cv-211, ECF No. 51.[6]  Suits for "violation of contracts" under § 301(a) "are not suits that claim a contract is invalid, but suits that claim a contract has been violated." *Textron* 523 U.S. at 657. To that end, as held by *Gerhardson*, "*Textron* only permits a litigant to raise the validity of a contract as an affirmative defense; it does not allow such claims to be asserted offensively." *Gerhardson*, 698 F.3d at 1058 (8th Cir. 2012).[7]

---

[6]

As the Court noted in Doran I, although *Textron* observes that "a declaratory judgment plaintiff accused of violating a collective bargaining agreement may ask a court to declare the agreement invalid" under § 301(a), this observation is at odds with its later observation that it had never "squarely confronted and explicitly upheld federal-question jurisdiction on the basis of an anticipated claim against which the declaratory-judgment plaintiff presents a nonfederal defense."  523 U.S. at 658 & 660.

[7]

As noted by the Association, the Union alleged that Doran violated the collective bargaining agreement. ECF No. 18 at 5. The Union has counterclaimed against

The complaint in this case, like Doran I, does not allege that either the Association or the Trade Board violated the collective bargaining agreement. ECF No. 1 at 14-16. Indeed, Doran maintains that it is *not a party* to the collective bargaining agreement. *Id.* at ¶ 59. The gravamen of Doran's argument on this point is that because the Union has alleged that Doran violated the collective bargaining agreement, the "gateway" of section 301 jurisdiction has been traversed and the Court now has jurisdiction over all of Doran's claims. ECF No. 29 at 7-9. This may well be true for Doran's affirmative defense claim of contract validity as it pertains to the Union, but the argument is unavailing as it pertains to the declaratory judgement and vacation of award claims made against the Association and Trade Board in this case. As largely conceded by Doran at the hearing, Doran II's complaint does not explicitly allege that the Association or Trade Board violated the collective bargaining agreement or otherwise breached any duties set forth under the agreement. ECF No. 53:14 - 54:17.[8] For these reasons, the Court concludes that it does not have jurisdiction over Doran's claims against the Association or Trade Board under section 301(a) of the Labor Management Relations Act.[9] *See* ECF No. 32, 2-4.[10]

---

[8] Doran to enforce the Joint Trade Board's award. This provides Doran with the opportunity to raise its arguments about the validity of the collective bargaining agreement as an affirmative defense. ECF Nos. 6 and 25.

[9] Doran suggests that the Association and the Trade Board are biased against any employer that utilizes non-union contractors, but Doran has not clearly stated a claim to that end—breach of the duty of fair representation or otherwise. Thus, the Court declines to entertain Doran's hybrid jurisdiction argument. ECF No. 29 at 8-9.

Doran Main's claims against the Trade Board also fail because the Trade Board is an entity that exists solely by virtue of Article 7 of the collective bargaining agreement. Thus, they are not a labor organization or employer, as required under section 301. Although Doran argues that the Trade Board should be considered a joint venture between the Union and Association, it conceded at the hearing that the

## III.   RECOMMENDATION

In light of the foregoing, it is **HEREBY RECOMMENDED** that:

1.      The Trade Board's motion to dismiss (ECF No. 11) should be **GRANTED**; and

2.      The Association's motion to dismiss (ECF No. 16) should be **GRANTED**.


DATED: January 30, 2013                                    *s/Franklin L. Noel*
                                                           FRANKLIN L. NOEL
                                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before February 13, 2014, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by February 13, 2014**,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

Trade Board is likely not an entity that can even be sued. *See* ECF No. 26 at 2; Hearing Transcript at ECF No. 53 at 43: 4-11. (Court: "Is there a law that says the Joint Trade Board is [an entity that has the power to sue and be sued]?" Doran: "No, I think that is an issue and I think it's a difficult one.").

10

Because the Court concludes that it lacks subject-matter jurisdiction over Doran's claims as alleged against the Association and Trade Board, it declines to consider whether Defendants are entitled to arbitral immunity.